**KING et al., Appellants,**

v.

**KING, Exr., Appellee.**

[Cite as *King v. King* (1992), 82 Ohio App.3d 747.]

Court of Appeals of Ohio,
Montgomery County.

No. 13227.

Decided Sept. 25, 1992.

*Ingolf R. Dinklage,* for appellants.
*Joseph A. Coates,* for appellee.

GRADY, Judge.

This is an appeal from a declaratory judgment, which found that an *inter vivos* gift of real property is not an advancement against the donee's share of the estate of the donor.

On November 3, 1989, Glenn D. King executed his last will and testament, which devised to his spouse, Elizabeth King, all his real property and certain personal property. Glenn D. King devised his remaining personal property to his children from a prior marriage.

Glenn D. King was admitted to a hospital in early December 1989, suffering from a terminal illness. On January 12, 1990, Glenn D. King executed a deed transferring his real property in Huber Heights to his wife, Elizabeth, telling her that he did not want that property to go through his probate estate. Glenn D. King died on January 23, 1990.

Elizabeth King was appointed executrix of the estate of Glenn D. King, in accordance with his instructions. She filed an inventory of assets of the estate, which did not include the property in Huber Heights. She then elected to take against the will, pursuant to R.C. 2107.39(C) and 2105.06. The election increased her share of the estate assets. The children of Glenn D. King then filed this action for declaratory judgment, asking the court to find that the *inter vivos* gift of real property was an "advancement" against the statutory share Elizabeth King had elected to take, reducing the portion of the remaining assets she would receive by her election.

Upon the briefs and submissions of the parties the trial court found that the gift of real property was not an advancement against Elizabeth King's share. The petitioners filed a timely notice of appeal. They now present one assignment of error, with three sub-arguments.

The assignment of error states:

"The court erred in finding that there was no advancement against the ⅓ distribution of the probate estate which the widow is entitled to receive pursuant to law."

The trial court based its holding on R.C. 2105.051, which provides, in part:

"When a person dies, property that he gave during his lifetime to an heir shall be treated as an advancement against the heir's share of the estate only if declared in a contemporaneous writing by the decedent, or acknowledged in writing by the heir to be an advancement."

It is clear that, other than the warranty deed, no form of writing was connected with the conveyance of real property from Glenn D. King to his wife.

Appellant's first sub-assignment of error states:

"The inter vivos gift of Blackacre should be deemed an equitable advancement."

Appellants concede that Elizabeth King is entitled by law to receive a statutory share of one third of the assets of the estate. They argue that equity should require the decedent's *inter vivos* gift to be counted as an advancement against that share.

An advancement is an irrevocable gift made by a person during his or her lifetime to an heir, by way of anticipation of the whole or part of the estate which the heir would receive in the event of the person's death intestate. *Moore v. Freeman* (1893), 50 Ohio St. 592, 35 N.E. 502; *Ellard v. Ferris* (1915), 91 Ohio St. 339, 110 N.E. 476. Where a spouse elects not to take under the will but to take a statutory share, the spouse takes as if the testator had died intestate. *Geiger v. Bitzer* (1909), 80 Ohio St. 65, 88 N.E. 134.

There is some evidence that Glenn D. King transferred the Huber Heights property to his wife in anticipation of her receipt of the property after his death. Her right to receive was testate, *i.e.*, created by will. She extinguished that right when she elected against the will and took her statutory share, which is considered an intestate share. However, R.C. 2105.051 permits the value of any advancement to be counted against an intestate share *only* if it is declared to be an advancement (1) in a contemporaneous writing by the decedent, or (2) acknowledged in writing by the heir to be an advancement. These methods of proof are exclusive.

Equity will not grant relief where there is a plain, adequate, and complete remedy at law. Such a remedy is available through R.C. 2105.051, but only upon the proof required. Appellants cannot have equitable relief simply because their proof is insufficient to entitle them to a remedy otherwise available at law. Appellants' first sub-assignment of error is overruled.

Appellants' second sub-assignment of error states:

"Decedent's inter vivos conveyance of the house to Elizabeth King by deed was in satisfaction of the real property devise for her in the will and constitutes an ademption by satisfaction which should be deemed an equitable advancement in determining her intestate distribution when electing to take against decedent's will."

■ "Ademption" is the extinction or withholding of a legacy in consequence of some action of the testator. *Ellard v. Ferris, supra,* 91 Ohio St. at 348, 110 N.E. at 479. It constitutes a revocation by implication arising from the testator's having parted during his lifetime with the subject of a specific legacy of his will, rendering the legacy inoperative. The testator may do so by giving to the legatee that which he has provided in his will, the case here, or disposing of it in such a manner as to make it impossible to carry out the will.

■ Glenn D. King's *inter vivos* gift of the Huber Heights property to Elizabeth King renders inoperative, as to that property, the specific legacy in his will devising all his real property to Elizabeth King. This ademption affects only Elizabeth King's rights as a legatee under the will. She has waived those rights by electing to instead take her statutory share, which is a form of intestate inheritance. Ademption has no application to intestate inheritance, as its object is legacies pursuant to will. It cannot be transformed into an "advancement" by invoking equitable principles. Appellants' second sub-assignment of error is overruled.

Appellants' third sub-assignment or error states:

"The deed conveying 6219 Buckman Drive to Elizabeth King is a contemporaneous writing by decedent declaring the inter vivos real property gift to be an advancement under intestacy."

■ Whether an *inter vivos* gift is an advancement against the share received by an heir depends on the intent of the donor at the time the gift was made. R.C. 2105.051 limits proof of that intent to a declaration by contemporaneous writing of the decedent or written acknowledgement of the heir.

■ Elizabeth King testified that her husband told her in November 1989, after he had executed his will, that he would transfer the Huber Heights property to her by deed "instead of having it go through his estate." Glenn D. King executed a warranty deed on January 12, 1990. It bears no declaration that he intended the conveyance to be an advancement against Elizabeth King's share of his estate.

R.C. 2105.051 establishes the exclusive means for proof of an advancement. The deed does not satisfy the requirements of the statute and, therefore, does not in itself create an advancement. Appellants' third sub-assignment of error is overruled.

Having overruled the assignment of error, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and WOLFF, J., concur.