This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kathy Boggins ("Wife"), appeals from the decision of the Medina County Court of Common Pleas, Domestic Relations Division, which granted a divorce from Appellee, John Michael Boggins ("Husband"). We reverse in part and remand the cause for further proceedings consistent with this opinion.
 I.
On July 16, 1998, Husband and Wife were married. Two children were born of the marriage, Jessica, born on April 26, 1990, and Brian, born on March 8, 1992. On July 3, 2000, Wife filed a complaint for divorce from Husband, after almost twelve years of marriage. Husband counterclaimed for divorce. The trial court held the final divorce hearing on May 21, 2001. The court granted a divorce to both parties on July 30, 2001. This appeal followed.
 II. Assignment of Error "The trial court erred in awarding defendant-husband the sum of seventy-thousand dollars ($70,000) as the marital portion of the parties' real estate in total disregard for the plaintiff's sixty thousand dollars ($60,000) inheritance, which was the down payment, and additional cash gift of ten thousand dollars ($10,000), which was used for the pond improvement to the property, in direct contradiction to the law and the manifest weight of the evidence."
In her sole assignment of error, Wife argues that the trial court erred when it disregarded an inheritance used as a down payment for the original marital home in its division of the marital property. Wife further alleges that the trial court erred when it similarly disregarded a $10,000 gift, which Wife claims was used to improve the property.
We begin our discussion by noting the appropriate standard of review for an appellate court when reviewing the division of property in a divorce action. Before the trial court reaches the stage of distributing property in a divorce action, the court must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). The characterization of the property as either marital or separate is a factual inquiry, and we review such characterization under a manifest weight of the evidence standard. Boreman v. Boreman, 9th Dist. No, 01CA0034, 2002-Ohio-2320, at ¶ 7-8. We must affirm the trial court's factual conclusions unless they are not supported by competent, credible evidence. Id. at ¶ 7.
Wife asserts that the trial court's finding that she had no separate property interest in the real property is against the manifest weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), 9th Dist. No. 95CA006286, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment]." State v. Thompkins
(1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v. Otten (1986), 33 Ohio App.3d 339, 340.
Once the property has been characterized as separate or marital property, it is within the discretion of the trial court to fashion an equitable division of the property. A trial court is vested with broad discretion in making divisions of property in domestic relations cases.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401. Accordingly, we will uphold a trial court's decision regarding the division of property absent an abuse of that discretion. Martin v. Martin (1985),18 Ohio St.3d 292, 294-295. An abuse of discretion is more than merely an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
The testimony reveals the following. Husband and Wife were married in July 1988. A few weeks prior to the marriage, they purchased a residence from Wife's mother, Joanne Rush-Obliger ("Mother"), on Porter Road in North Olmsted, Ohio.[1] Mother testified that she offered the house to her other children prior to offering it to Wife. She offered the property at a reduced price as part of an advancement of Wife's inheritance from Mother. Mother stated she sold it "[a]t a bargain price," with a built-in $60,000 inheritance to Wife. Mother explained that she came up with a figure of $60,000 by taking the highest offer she had received on the property of $110,000, and considering a property appraisal of $112,000, and subtracted $50,000, the selling price. The parties stipulated to a property value of $110,000 at the time of sale. An email written from Mother to Wife in September 2000, which was admitted into evidence as an exhibit, indicates that Husband and Wife essentially took over Mother's outstanding mortgage on the property of $45,000, plus an additional $5,000. Mother admitted that although the parties had nothing in writing that the $60,000 reduction in price would be deducted from Wife's future inheritance, and the deed to the Porter Road property did not contain any such indication, the parties, nonetheless, had an oral understanding.
Husband admitted that he and Wife were not married at the time they purchased the residence on Porter Road. He testified that the house had been appraised in May 1988 at $112,000, and that it was his belief that the couple completed the transaction with a $54,000 mortgage on the property, which included an amount to cover the property's closing costs. He admitted that the $54,000 was all that the couple paid out for the house at the time of purchase.
During the time the couple resided on Porter Road, they put labor and money into improving the property. In 1994, they sold the house for $190,000, realizing a profit of $123,966.78. All of the proceeds from the sale went toward the payment of a new residence on Crow's Nest Lane in Litchfield, Ohio. Wife currently resides at the Crow's Nest Lane property with the couple's children.
Wife claimed that she should be awarded $60,000 as separate property, basing her claim on the argument that it was an inheritance given only to her, and, as such, it is her separate property and not subject to distribution as marital property. The trial court found that the couple purchased the Porter Road residence with marital funds for $76,900. The court apparently found relevant the fact that "[t]here [was] no documentary evidence to support the proposition the reduced rate was a gift to [Wife] or a prospective inheritance to her." The court denied Wife's claim to the $60,000 as her separate property.
Wife also claimed a right to a separate $10,000 gift from Mother. Mother testified that she gave each of her children, including Wife, $10,000 after a friend of the family died. Husband also testified that he recalled such a gift. Neither Husband nor Mother knew exactly what the $10,000 was used for. However, Husband recalled that a portion was used to improve the couple's property, and a portion was placed into accounts for the couple's children. Wife did not testify as to the $10,000 gift, nor did she offer any testimony regarding the $60,000 discount in the purchase price of the Porter Road property.
Pursuant to R.C. 3105.171, marital property includes any property owned by either or both of the spouses or any interest the spouses have in property that was acquired by either or both spouses during the marriage. R.C. 3105.171(A)(3)(a)(i) and (ii). Separate property is "[a]ny real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of marriage." R.C.3105.171(A)(6)(a)(ii). If separate property is commingled with marital property, it does not lose its identity as separate property as long as the property is traceable. R.C. 3105.171(A)(6)(b). Thus, traceability becomes the focus when determining whether separate property remains separate property after it has been commingled with marital property.Wheeler v. Wheeler (Dec. 12, 2001), 9th Dist. No. 3188-M, at 6.
Turning to Wife's claim that the $60,000 reduction in purchase price for the Porter Road residence was an inheritance to her and her separate property, we must first address the trial court's finding that the parties purchased the Porter Road property for $76,900. Husband asserts that, using the trial court's statement of the purchase price, the price was actually only approximately $35,000 below market value.[2] No evidence was offered that the parties paid $76,900. To the contrary, all of the evidence demonstrates that the parties paid $50,000. The only reference in the record to the $76,900 figure appears on the property appraisal form dated May 26, 1988, in which the purchase price is noted as being $76,900. The determination that the purchase price was $76,900 was, therefore, against the manifest weight of the evidence.
The trial court found that the property was acquired with marital funds. The property was purchased prior to the marriage, albeit only a few weeks before the couple actually exchanged vows. The property was titled in both parties' names, and the deed, which was admitted into evidence, lists them as holding title with rights of survivorship. A technical reading of R.C. 3105.171 reveals that the property was not a marital asset at the time of its purchase; however, the parties were married shortly thereafter, and there is no evidence in the record to indicate that the parties did not jointly contribute to the mortgage payments and property maintenance after the purchase. See Woodland v.Woodland (May 19, 2000), 11th Dist. No. 98-A-0112. The characterization of the Porter Road property as marital property is supported by competent, credible evidence, and accordingly, it is not against the manifest weight of the evidence. See Duffey v. Duffey (Feb. 26, 2002), 10th Dist. No. 01AP-709; Grote v. Grote (Feb. 26, 1986), 9th Dist. No. 12260, at 2-3. In essence, Wife does not contest this finding, nor does she contest any appreciation in equity in the property as being marital property. Instead, she argues that the down payment came from her separate funds and is therefore her separate property.
An advancement of an inheritance "is an irrevocable gift made by a person during his or her lifetime to an heir, by way of anticipation of the whole or part of the estate which the heir would receive in the event of the person's death intestate." King v. King (1992), 82 Ohio App.3d 747,750, citing Moore v. Freeman (1893), 50 Ohio St. 592, 593. A gift is an advancement against a share of an estate only if it is declared in a contemporaneous writing by the decedent or acknowledged in writing by the heir to be an advancement. R.C. 2105.051. For our purposes here, the distinction between an outright gift and an advancement against a prospective inheritance is not critical and does not affect our analysis. See Zimmer v. Zimmer (Jan. 19, 1994), 2d Dist. No. 93 CA 25.
The testimony of Mother and Husband supports the assertion that the $60,000 reduction in the purchase price of the Porter Road residence, whether it was a gift or an advancement, was a gift by Mother to Wife. Essentially, the $60,000 was given to Wife as the down payment for the Porter Road residence. As such, it was Wife's separate property. The mere fact that a party commingles separate property with other property of any type does not destroy its identity as separate property, except when the separate property is not traceable. R.C. 3105.171(A)(6)(b). The party seeking to have a particular asset characterized as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to the separate property. Peck v. Peck (1994), 96 Ohio App.3d 731,734.
In this case, the evidence indicated that the entire proceeds from the sale of the Porter Road residence went toward the down payment of the Crow's Nest Lane residence. None of the proceeds were used for any other purpose. No evidence was offered to the contrary. Therefore, Wife met her burden of proving that the $60,000 was traceable and was not transmuted into marital property. Sixty-thousand dollars of the equity in the Crow's Nest Lane residence is traceable to Wife's separate property. Wife's assignment of error is sustained to the extent that the trial court erred when it found that Wife had no separate property interest from the $60,000.
We now turn to Wife's argument concerning the $10,000 gift from Mother. While we agree with Wife's contention that the gift originated as her separate property, we find that she failed to prove, by a preponderance of the evidence, that it is traceable. No evidence was offered to show what portion of the $10,000 went to property improvements and what portion went into the children's accounts. Accordingly, Wife failed to demonstrate that when she commingled the non-marital funds with marital funds it remained traceable to her separate property. The trial court did not err when it failed to award Wife these funds. Wife's assignment of error is overruled in so far as the $10,000 gift was not separate property.
Although Wife's assignment of error challenges only the characterization of the $60,000 down payment and the $10,000 gift, she also attempts to assert in her argument that she should have been awarded additional funds, specifically unpaid real estate taxes and half of the funds she expended in repairing the marital residence. Wife filed a motion to show cause in the trial court, alleging Husband wasted marital assets and failed to pay the taxes. The trial court stated, "[p]rior to hearing on April 3, 2001, counsel represented to the Court that the matter was settled, though no judgment entry has been filed to date." The court found that Wife failed to provide evidence to support her claim that Husband willfully defied a court order. Wife further asserts she "should be due additional set offs in the form of property divisions apparently ignored by the Trial Court." Wife states that Husband's equity share in the marital residence should be offset by Wife's share of the personal property, in particular, her share of Husband's tools.
We note that Wife has failed to support these arguments with any legal authority, and she raises issues not related to those specified in the sole assignment of error. As the appellant, Wife has the burden of affirmatively demonstrating error on appeal. See Angle v. W. Res. Mut.Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v.Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. Pursuant to App.R. 16(A) and Loc.R. 7(A)(7), "briefs are to contain a separate discussion of each error alleged as well as argument and authority supporting the party's position." Kremer v. Cox (1996), 114 Ohio App.3d 41, 60. An appellant must "demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." Statev. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at 7. See, also, Loc.R. 7(A)(7).
Because Wife has failed to comply with App.R. 16(A)(7) and Loc.R. 7(A)(7), she has not demonstrated any error by the trial court with regard to the division of additional property and the payment of real estate taxes and repair expenses. Accordingly, this court chooses to disregard this portion of her assignment of error.
 III.
Having sustained Wife's assignment of error in part, we reverse the decision of the Medina County Court of Common Pleas, Domestic Relations Division, in part, and remand the cause for proceedings consistent with this opinion.
CARR, J., BATCHELDER, J. CONCUR.
[1] The exact date the parties purchased the Porter Road property is unclear from the testimony and the record before us. The deed transferring the property from Mother to Wife and Husband was recorded on June 27, 1988.
[2] Husband apparently arrives at this figure by subtracting $76,900 from the appraised value of $112,000 without regard to the stipulated market value of $110,000.