OPINION *Page 2 
{¶ 1} Plaintiff-appellant Robert Dudley, Jr. appeals various judgment entries of the Guernsey County Court of Common Pleas in favor of Defendant-appellees Teresa Dudley and Helen and Jon Schlosser.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Robert Dudley Jr. and Appellee Teresa Dudley were married on June 10, 1978. Appellees John and Helen Schlosser are the parents of Teresa Dudley.
 {¶ 3} On July 19, 1985, the Scholssers deeded Appellant Robert Dudley, Jr. and Appellee Teresa Dudley joint ownership of 23.13 acres of land in Guernsey County, Ohio. The Schlossers paid for the property, prepared the deed and recorded the deed for the benefit of Appellant and Teresa Dudley. In addition, the Schlossers prepared and provided a construction estimate and floor plan for a home to be constructed on the property to Cambridge Savings and Loan. As a result, Cambridge Savings and Loan loaned Appellant and Teresa Dudley $45,000 to construct the home.
 {¶ 4} Appellee John Schlosser operated as the general contractor for the construction of the residence on the property. In addition, John Schlosser paid for $64,900.00 in material and supplies to finish construction of the residence.
 {¶ 5} The Schlossers later paid off the remainder of the loan owed to Cambridge Savings and Loan. At the time, only $24,010.45 of the $45,000.00 loan had been utilized. The parties did not enter into a written agreement with regard to the Schlossers paying off the loan.
 {¶ 6} In 1994, Appellant and Appellee Teresa Dudley desired to purchase four acres of additional land near their home. On September 16, 1994, the Schlossers *Page 3 
purchased two additional parcels of real estate totaling four acres for the sum of $11,000.00. The Schlossers paid for the preparation of and subsequent recording of a deed demonstrating joint ownership of the property by Appellant and Teresa Dudley.
 {¶ 7} On October 28, 1994, Appellant and Teresa Dudley signed an agreement, prepared by Teresa Dudley and signed by both Appellant and Teresa Dudley, stating:
 {¶ 8} "WE AGREE TO PAY $27,000.00 (ABOUT 28 ACRES) FOR LAND IN VALLEY TOWNSHIP. LOCATED AT 10344 NOVEMBER LANE. PLEASANT CITY. OHIO WHICH IS IN OUR NAME, TO JOHN D. AND HELEN R. SCHLOSSER.
 {¶ 9} "IN CASE OF THE DEATH OF JOHN D. HELEN R. SCHLOSSER.WE WILL PAY OR MAKE ARRANGEMENTS WITH RICK D. SCHLOSSER. EITHER TO PAY FOR HALF OF THE LAND OWED FOR AT THAT TIME OR GIVE UP SOMETHING THAT IS OF THE SAME VALUE THAT WAS LEFT TO US."
 {¶ 10} Appellant and Teresa Dudley began living separate and apart in 2002. On September 1, 2005, Appellant filed a complaint for divorce.
 {¶ 11} On May 31, 2006, the Schlossers filed a complaint for money judgment and/or for an equitable lien against Appellant and Teresa Dudley, seeking an award of money for the labor and materials expended in the construction of the Dudleys' residence.
 {¶ 12} On June 28, 2006, the trial court consolidated the Schlossers' complaint with the divorce action.
 {¶ 13} On December 18, 2006, a magistrate issued a decision, later adopted by the trial court, granting a divorce on the grounds of incompatibility and dividing the marital property and debts. The decision awarded the Schlossers $64,900.00 for *Page 4 
material supplied in the construction of the marital residence. The magistrate then determined the $64,900.00 was a gift to Appellee Teresa Dudley as an advancement on her inheritance.
 {¶ 14} The parties filed objections to the magistrate's decision. On June 1, 2007, the trial court denied the objections of Appellant and the Schlossers, and granted judgment in favor of Appellee Teresa Dudley. On June 17, 2007, the court supplemented the magistrate's decision by awarding four acres of real estate to Appellant, and ordering the marital residence to be deeded in the name of Teresa Dudley in exchange for her paying Appellant the sum of $15,000.00 within 90 days.
 {¶ 15} On July 27, 2007, the trial court granted Appellant's motion for stay pending appeal.
 {¶ 16} Appellant now appeals, assigning as error:
 {¶ 17} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE MONEY, MATERIALS AND LAND JOINTLY DEEDED TO APPELLANT AND APPELLEE TERESA DUDLEY WAS AN ADVANCEMENT ON WIFE'S INHERITANCE AND NOT A JOINT GIFT (MARITAL PROPERTY).
 {¶ 18} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN HOLDING THE REAL ESTATE CONSTITUTED `SEPARATE PROPERTY' SINCE THE REAL ESTATE WAS GOVERNED BY THE EXISTENCE OF AN EXPRESS AGREEMENT CREATING A JOINT OBLIGATION FOR PAYMENT OF THE PROPERTY.
 {¶ 19} "III. THE TRIAL COURT ERRED IN PERMITTING APPELLEE TERESA DUDLEY THE OPTION OF PAYING APPELLANT $15,000.00 RATHER THAN AWARDING HIM THE RIGHT TO ACQUIRE THE PROPERTY ITSELF." *Page 5 
 {¶ 20} Initially, we note the brief of John D. Schlosser and Helen R. Schlosser argues they are entitled to present assignments of error pursuant to R.C. Section 2505.22. The statute provides:
 {¶ 21} "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part. The time within which assignments of error by an appellee may be filed shall be fixed by rule of court."
 {¶ 22} Ohio Appellate Rule 4 provides:
 {¶ 23} "(A) Time for appeal
 {¶ 24} "A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
 {¶ 25} "(B) Exceptions
 {¶ 26} "The following are exceptions to the appeal time period in division (A) of this rule:
 {¶ 27} "(1) Multiple or cross appeals. If a notice of appeal is timely filed by a party, another party may file a notice of appeal within the appeal time period otherwise prescribed by this rule or within ten days of the filing of the first notice of appeal. * * *"
 {¶ 28} App. R. Rule 4
 {¶ 29} The Schlossers did not file a notice of appeal within 30 days of the trial court's judgment, neither did they file a notice of appeal within 10 days of Appellant's *Page 6 
notice of appeal. The Schlossers' assigned errors challenge the trial court's finding they gifted $64,900.00 to Appellee Teresa Dudley. As such, they seek to change the trial court's judgment, and were required to either file a direct appeal or cross-appeal. We find, the Schlossers could have directly appealed or cross-appealed at the latest forty days after entry of judgment. Having failed to do so, we will not consider their assigned errors.
 I, II. {¶ 30} Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.
 {¶ 31} Upon review of the record, the parties stipulated to the debt in the amount of $27,000.00 owed to the Schlossers for the approximately 28 acres of land on which the marital residence is built and the vacant lots across the road from the residence.
 {¶ 32} The trial court found the $64,900.00 paid by the Schlossers for the construction of the residence was a gift to Teresa Dudley as an advancement of her inheritance. Accordingly, the trial court divided the property as follows:
 {¶ 33} "3. Wife is AWARDED:
 {¶ 34} "A. The marital residence, which includes 16 acres (valued at $140,000) as follows:
 {¶ 35} "1. $64,900 is Wife's separate property;
 {¶ 36} "2. Wife is to assume the debt of $27,000 to offset some of the equity in the marital portion of the real estate and hold Husband harmless.
 {¶ 37} "3. The remaining $48,100 as martial property. *Page 7 
 {¶ 38} "B. Her S.E.R.S. valued at $76,541.97, free and clear of any interest by Husband.
 {¶ 39} "TOTAL award of marital property to Wife: .............. $124,641.97
 {¶ 40} "4. Husband is AWARDED:
 {¶ 41} "A. The approximately four acres valued at $15,000, free and clear of any interest of Wife or Schlossers, as and for his portion of equity in the martial residence.
 {¶ 42} "B. His I.A.M. Pension valued at $19,587.84, free and clear of any interest of Wife.
 {¶ 43} "C. Husband's social security benefit of $78,956.67.
 {¶ 44} "TOTAL award of marital property to Husband .......... $113,544.51
 {¶ 45} "5. The difference between the amount of marital property awarded to each party is $11,097.46. Half of the difference is $5548.73, which is awarded to Wife as an offset for the money Wife paid to preserve the equity in the marital residence through the payment of taxes and insurance."
 {¶ 46} R.C. Section 3105.171 defines "marital property" as:
 {¶ 47} "(3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
 {¶ 48} "(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage; *Page 8 
 {¶ 49} "(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;
 {¶ 50} "(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;
 {¶ 51} "(iv) A participant account, as defined in section 148.01 of the Revised Code, of either of the spouses, to the extent of the following: the moneys that have been deferred by a continuing member or participating employee, as defined in that section, and that have been transmitted to the Ohio public employees deferred compensation board during the marriage and any income that is derived from the investment of those moneys during the marriage; the moneys that have been deferred by an officer or employee of a municipal corporation and that have been transmitted to the governing board, administrator, depository, or trustee of the deferred compensation program of the municipal corporation during the marriage and any income that is derived from the investment of those moneys during the marriage; or the moneys that have been deferred by an officer or employee of a government unit, as defined in section 148.06 of the Revised Code, and that have been transmitted to the governing board, as defined in that section, during the marriage and any income that is derived from the investment of those moneys during the marriage.
 {¶ 52} "(b) "Marital property" does not include any separate property.
 {¶ 53} "* * * *Page 9 
 {¶ 54} "(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
 {¶ 55} "(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;
 {¶ 56} "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 {¶ 57} "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;
 {¶ 58} "(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;
 {¶ 59} "(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;
 {¶ 60} "(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;
 {¶ 61} "(vii) Any gift of any real or personal property or of aninterest in real or personal property that is made after the date of themarriage and that is proven by clear and convincing evidence to havebeen given to only one spouse.
 {¶ 62} "(b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable.
 {¶ 63} "(B) In divorce proceedings, the court shall, and in legal separation proceedings upon the request of either spouse, the court may, determine what *Page 10 
constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property in which one or both spouses have an interest."
 {¶ 64} (Emphasis added.)
 {¶ 65} An advancement of inheritance is an irrevocable gift made by a person during his or her lifetime to an heir, by way of anticipation of the whole or part of the estate which the heir would receive in the event of the person's death. King v. King (1992), 82 Ohio App.3d 747. A gift is an advancement against a share of an estate only if it is declared in a contemporaneous writing by the decedent or acknowledged in writing by the heir to be an advancement. R.C. Section 2105.051, reads:
 {¶ 66} "When a person dies, property that he gave during his lifetime to an heir shall be treated as an advancement against the heir's share of the estate only if declared in a contemporaneous writing by the decedent, or acknowledged in writing by the heir to be an advancement. For this purpose, property advanced is valued as of the time the heir came into possession or enjoyment of the property, or as of the time of death of the decedent, whichever occurs first. If the heir does not survive the decedent, the property shall not be taken into account in computing the intestate share to be received by the heir's issue, unless the declaration or acknowledgment provides otherwise."
 {¶ 67} Upon review of the record, on July 19, 1985, the Schlossers deeded Appellant Robert Dudley, Jr. and Appellee Teresa Dudley joint ownership of 23.13 acres *Page 11 
of land in Guernsey County, Ohio. The Schlossers paid for the property, prepared the deed and recorded the deed for the benefit of Appellant and Teresa Dudley.
 {¶ 68} The Schlossers did not enter into a contemporaneous writing with regard to the 1985 deed of the property. Rather, the acknowledgment cited by appellees was executed on October 28, 1994. While that agreement may properly be considered an advancement of inheritance, it was not an acknowledgment demonstrating the $64,900 cost of materials and outside labor incorporated into the martial residence was a gift to Teresa Dudley; either separately or as an advancement on her inheritance. As the property was jointly deeded in the names of both Appellant and Teresa Dudley, the trial court did not have clear and convincing evidence the gift was to Teresa Dudley separately. Rather, the evidence demonstrates, and we find, the $64,900.00 constituted a joint gift to Appellant and Teresa Dudley and is to be considered marital property.
 {¶ 69} Accordingly, we sustain the first and second assignments of error, and remand the matter to the trial court to re-divide the marital property in accordance with our finding.
 III. {¶ 70} In the third assignment of error, Appellant argues the trial court erred in awarding Teresa Dudley the option of paying Appellant $15,000.00; rather, than awarding him the right to acquire the four acre tract of real property itself.
 {¶ 71} The June 15, 2007 supplemental magistrate's decision concludes:
 {¶ 72} "CONCLUSIONS OF LAW:
 {¶ 73} "3. Wife is AWARDED: *Page 12 
 {¶ 74} "C. The approximately 4 acres valued at $15,000 free and clear of any interest of husband or Schlossers, provided she shall pay the sum of $15,000 to Robert B. Dudley, Jr. on or before August 31, 2007 or said property shall be and become the sole property of the Husband free and clear of any interest of the Wife or Schlossers.
 {¶ 75} "4. Husband is AWARDED:
 {¶ 76} "A. The sum of $15,000 payable to the husband by the wife on or before August 21, 2007 as and for his portion of equity in the marital residence. Should wife not tender said funds, on or before August 31, 2007, the approximately four (4) acres, valued at $15,000 shall be and become the sole property of the husband, free and clear of any interest of the wife or Schlossers, as and for his portion of equity in the marital residence."
 {¶ 77} Though we recognize the four acre tract adjoins the property on which the marital residence is located, we fail to find an abuse of discretion in how the trial court fashioned this portion of the division of martial assets.
 {¶ 78} The third assignment of error is overruled. *Page 13 
 {¶ 79} The judgment of the Guernsey County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for further proceedings in accordance with the law and this opinion.
 Hoffman, P.J., Gwin, J. and, Edwards, J. concur *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Guernsey County Court of Common Pleas is affirmed, in part; reversed, in part, and remanded for further proceedings in accordance with the law and this opinion. Costs to be divided equally. *Page 1